**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., *a Delaware Corporation*,<br><br>*Plaintiff*,<br><br>v.<br><br>7601 BLACK LAKE RD., LLC, *a Florida Limited Liability Company*; and ROBERT JARVIS, *an individual*,<br><br>*Defendants*. | Civil Action No. 21-18049<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter returns to the Court on the motion of Defendant 7601 Black Lake Rd., LLC ("7601 Black Lake") and Defendant Robert Jarvis ("Jarvis") (collectively, "Defendants") to vacate default judgment. D.E. 12. The Court reviewed all submissions[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Defendants' motion is **GRANTED**.

---

[1] Defendants' brief in support of its motion to vacate default judgment is referred to as "Defs. Br." (D.E. 12-2); Plaintiff's opposition brief is referred to as "Plf. Opp." (D.E. 13); and Defendants' reply certification is referred to as "Defs. Reply" (D.E. 14).

I.  **BACKGROUND**

The Court recounted the factual background of this matter in its June 14, 2022 Opinion, D.E. 10, which it incorporates by reference herein. On January 5, 2022, Plaintiff requested that default be entered against Defendants for failure to plead or otherwise defend in the action, D.E. 5, which the Clerk entered on January 7, 2022. On February 14, 2022, Plaintiff moved for default judgment against Defendants. D.E. 9. The Court granted the unopposed motion and entered a judgment against Defendants on June 14, 2022, in the amount of $447,235.47. D.E. 10, D.E. 11. Defendants filed the instant motion on April 13, 2023.

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) permits parties to petition federal courts for relief from final judgments. Fed. R. Civ. P. 60(b). The decision to set aside a default judgment is left "primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir.1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). However, "doubtful cases" must "be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on the merits.'" *Id.* at 194-95 (quoting *Tozer*, 189 F.2d at 245)). Furthermore, "[m]atters involving large sums of money should not be determined by default judgments if it can be reasonably avoided." *Tozer*, 189 F.2d at 245.

Here, Defendants move to vacate the judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4). *See* Defs. Br. at 12-22.[2] Under Federal Rule of Civil Procedure 60(b)(4), the Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). A default judgment is void where the complaint was not properly served. *Gold Kist,*

---

[2] When citing to Defendants' brief, the page numbers cited correspond with those in the ECF header.

2

*Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citing Fed. R. Civ. P. 60(b)(4)).  Under Federal Rule of Civil Procedure 60(b)(1), a party may be relieved from a final judgment due to excusable neglect.  Fed. R. Civ. P. 60(b)(1).  In deciding a motion under Rule 60(b)(1), a court must consider three factors: (1) whether the plaintiff will suffer prejudice; (2) whether the defendants have a meritorious defense; and (3) whether defendants' delay is due to their own culpable conduct.  *Gold Kist, Inc*, 756 F.2d at 19.  However, where a default judgment was improperly entered (for example, because the complaint was not properly served), an analysis of the *Gold Kist* factors "is not necessary."  *Id.*; *see also New Jersey Title Ins. Co. v. Cecere*, No. 20-1286, 2020 WL 7137873, at *4 (D.N.J. Dec. 7, 2020) ("The Third Circuit and multiple district courts within the Circuit have recognized that an entry of default or a default judgment can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking." (internal quotation marks omitted)).

### III. ANALYSIS

#### A. Federal Rule of Civil Procedure 60(b)(4)

The Court first considers Defendants' argument that service was improper, and in turn, that the judgment must be vacated as void under Federal Rule of Civil Procedure 60(b)(4).  Defendants argue that Plaintiff failed to comply with the service requirements of New Jersey Court Rule 4:4-4(c).[3]  Rule 4:4-4(c) permits "optional mailed service," in lieu of personal service.  N.J. Ct. R. 4:4-4(c).  Under this Rule, service may be made by registered, certified, or ordinary mail; but such

---

[3] As outlined in the Court's prior Opinion, *see* D.E. 10 at 6-7, Plaintiff may properly serve Defendants pursuant to New Jersey Law because under Federal Rule of Civil Procedure 4(e)(1), an individual defendant may be served in accordance with the state laws where the district court sits or where the service is made.  Further, under Federal Rule of Civil Procedure 4(h)(1)(A), a limited liability company may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."

service will only be "effective for obtaining personam jurisdiction [] if the defendant answers the complaint or otherwise appears in response thereto." *Id.* The rule also provides that default "shall not be entered against a defendant who fails to answer or appear in response thereto." *Id*. Defendants argue that because they did not "answer or appear within 60 days following mailed service," it was improper to enter default.[4] Defs. Br. at 13-14 (citing N.J. Ct. R. 4:4-4(c)).

But Plaintiff did not serve Defendants pursuant to Rule 4:4-4(c). And Rule 4:4-4(c) makes clear that its "prohibition against entry of default *shall not apply* to mailed service authorized by any other provision of these rules." N.J. Ct. R. 4:4-4(c) (emphases added). Here, Plaintiff served Defendants pursuant to Rule 4:4-4(b), after attempting personal service. Service by mail under Rule 4:4-4(b) "is valid even if the defendant does not answer or appear." *Citibank, N.A. v. Russo*, 759 A.2d 865, 868 (N.J. App. Div. 2000). Therefore, "entry of default is permitted provided only that the conditions of the [R]ule are complied with." *U.S. Bank Nat. Ass'n v. Curcio*, 130 A.3d 1269, 1278 (N.J. App. Div. 2016) (citation omitted). Because Defendants do not challenge Plaintiff's compliance with the conditions of Rule 4:4-4(b), the Court need not revisit its prior determination that service was proper under this Rule.

### B. Federal Rule of Civil Procedure 60(b)(1)

Defendants argue in the alternate that the judgment must be vacated pursuant to Federal Rule of Civil Procedure 60(b)(1) because Defendants' neglect in responding was "excusable." Defs. Br. at 15. As noted, in deciding a motion under Rule 60(b)(1), the court must consider three factors: (1) whether the plaintiff will suffer prejudice; (2) whether the defendants have a

---

[4] Defendants add that Plaintiff further failed to comply with Rule 4:4-4(c) because after "Defendants did not appear within sixty (60) days," Plaintiff was required to serve "Defendant personally at 'dwelling place or usual place of abode,' or serve a member of [] Jarvis'[s] household with the Complaint." Defs. Br. at 14.

meritorious defense; and (3) whether defendants' delay is due to their own culpable conduct. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also U.S. Bank Nat. Ass'n*, 130 A.3d at 1279 ("A defendant seeking to reopen a default judgment because of excusable neglect must show that the neglect to answer is excusable under the circumstances and that she has a meritorious defense." (internal quotation marks and citations omitted)).[5]

The Court first considers whether Defendants have asserted a meritorious defense, because this is the "threshold issue in opening a default judgment." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *see also $55,518.05 in U.S. Currency,* 728 F.2d at 195 ("[T]here would be no point in setting aside the default judgment . . . if [the defendant] could not demonstrate the possibility of his winning."). "A meritorious defense is presumptively accomplished when the 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Id.* (quoting *Tozer*, 189 F.2d at 244). A defendant, however, "does not have the right to have a default judgment set aside automatically by alleging a defense." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Instead, the grounds for the defense must be "set forth with some specificity," so that the Court can then evaluate the substance of the defense to ascertain whether it is meritorious. *Id.*

Here, Plaintiff asserts six claims, all of which appear to be claims for breach of contract. *See* D.E. 9-2 at 6. Under New Jersey law, to prevail on a breach of contract claim, a plaintiff must

---

[5] A motion under Rule 60(b) motion must also be made within one year after the entry of judgment, and the Court must find that the delay in filing the motion was "reasonable." Fed. R. Civ. P. 60(c)(1). "A motion filed under Civil Procedure Rule 60(b) is not considered timely just because it is filed within the one-year time limit." *In re USN Commc'ns, Inc.*, 288 B.R. 391, 396 (Bankr. D. Del. 2003) (citation omitted). Factors relevant to the reasonableness include not only the length of the delay, but also the proffered excuse for the delay. *In re Taylor*, 357 B.R. 360, 365 (Bankr. W.D. Pa. 2006). Here, Defendants maintain that they learned of the matter on April 7, 2023, and Defendants filed their motion to vacate on April 13, 2023. *See infra* 9. Thus, the delay in filing was both reasonable and in compliance with the one-year time limit.

prove "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation omitted).

Defendants' Proposed Answer advances at least one complete defense to the second element of a breach of contract claim: that Defendants' performance of its obligations was excused under Section 17.8 of the Agreement, the Force Majeure clause, due to the Covid-19 pandemic. D.E. 12-5. Section 17.8 of the Agreement provides that:

> Neither you nor we shall be liable for loss or damage *or deemed to be in breach of this Agreement* if the failure to perform obligations results from (a) windstorms, rains, floods, earthquakes, typhoons, mudslides or other similar natural causes, (b) fires, strikes, embargoes, war, acts of terrorism or riot, (c) legal restrictions that prohibit or prevent performance, or (d) any other similar event or cause beyond the control of the party affected. Any delay resulting from any of such causes shall extend performance accordingly *or excuse performance, in whole or in part, as may be reasonable*[.]

Defs. Br. Ex. A §17.8 (emphases added). Because the doctrine of force majeure can excuse a party's performance, the Court finds that Defendants have asserted a complete and meritorious defense.[6] *See Facto v. Pantagis*, 915 A.2d 59, 62 (N.J. App. Div. 2007) (noting that the doctrine of force majeure can excuse a contracting party's performance when an unforeseen event makes that party's performance impossible or impracticable); *see also Commvault Sys., Inc. v. Marriott Hotel Servs., Inc.*, No. 22-2895, 2023 WL 3058778, at *7 (D.N.J. Apr. 24, 2023) ("[T]he Court is cognizant that the COVID-19 pandemic and ensuing restrictions on business operations have been

---

[6] Plaintiff fails to address the merits of this defense. Plf. Opp. at 10. Plaintiff instead repeats its assertion that Defendants breached the agreement by terminating it, and concludes that "Defendants have failed to set forth any specific facts, which, if established at trial, would constitute[] a complete defense to the claims against them." *Id.* The Court disagrees. As noted above, the doctrine of *force majeure* may excuse a party's performance, and while the Court does not express a view on the actual merits of the defense at this time, the Court finds that on its face, this defense is meritorious for purposes of this motion. *See Feliciano,* 691 F.2d at 657 (requiring the presentation of at least one *"prima facie . . .* valid defense").

held, and could be held here, to be a *force majeure* event that authorizes the termination of an otherwise enforceable agreement."); *cf id.* (finding, albeit in the motion to dismiss context, that the "most prudent" course to take was to "provid[e] the parties an opportunity to pursue necessary discovery and to demonstrate with a factual record why the invocation of *force majeure* was or was not warranted" based on the Covid-19 pandemic).

The Court next considers whether Plaintiff will be prejudiced if the Court vacates the judgment against Defendants. "Prejudice is established . . . when a plaintiff's ability to pursue the claim has been hindered . . . by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Re Cmty. Holdings II, Inc. v. Ecullet, Inc.*, No. 16-304, 2016 WL 5868072, at *4 (D.N.J. Oct. 7, 2016) (internal quotation marks and citations omitted).

Plaintiff first contends that it will suffer "severe prejudice" if the judgment is vacated because it will be "forced to begin the lawsuit anew" after "expend[ing] significant time and effort, and incurr[ing] great expense" to secure the final judgment. Plf. Opp. at 9. However, "the cost of enforcing a judgment later vacated and the delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment." *Feliciano*, 691 F.2d at 656-57 (3d Cir. 1982)); *see also Stone Trading Int'l SRL v. Stone-Tech Fabrications, Inc.*, No. 21-20625, 2022 WL 16895501, at *2 (D.N.J. Oct. 31, 2022) (finding no prejudice where the plaintiff asserted that it would suffer prejudice because it had "expended [] time and effort to secure the judgment" and that vacating the judgment "w[ould] result in additional costs"). Plaintiff adds that setting aside the judgment "may also give Defendants the opportunity to transfer property on which [Plaintiff] has held a valid lien for over approximately six [] months (and which are likely the only opportunity that [Plaintiff] has to recover its financial losses)." Plf.

7

Opp. at 9.  Lastly, Plaintiff notes that the evidence is now "more than one-and-a-half (1 ½) years older than it was at the time of the original filing)," therefore documents "may be more difficult to locate" and Plaintiff "may be unable to compel the attendance of witnesses who might have otherwise been available."  *Id.*  But these concerns are based on speculation, and "[s]uch speculation is not the type of concrete prejudice that weighs against setting aside the default." *Re Cmty. Holdings II, Inc.*, 2016 WL 5868072, at *5 (citation omitted).

The final factor—Defendants' culpable conduct—also supports vacating the judgment.  Culpable conduct includes conduct that constitutes "willfulness" or "bad faith."  *Hritz*, 732 F.2d at 1182.  "Willfulness" or "bad faith" requires finding "more than mere negligence."  *Id.* at 1183.  Indeed, "acts intentionally designed to avoid compliance with court notices" and "reckless disregard for repeated communications from plaintiffs and the court" may satisfy the culpable conduct standard.  *Id.*  On the other hand, "innocent mishaps or mere mistakes" do not show culpable conduct.  *Stone Trading Int'l SRL*, 2022 WL 16895501, at *2 (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Cub, Inc.*, 175 F. Appx 519, 523 (3d Cir. 2006)).

Here, Plaintiff argues that "Defendants clearly have demonstrated culpable conduct through their willful inaction in this matter."  Plf. Opp. at 10.  But Plaintiff does not provide any facts to support a finding of willfulness.  Instead, Plaintiff contends that "Defendants offer no explanation for the delay," and rehashes its arguments as to why service was proper, concluding that Defendants are "willfully failing to take action in their defense despite being properly served under the Federal Rules of Civil Procedure and New Jersey Court Rules."  *Id.* at 11-12.  These allegations, however, do not demonstrate willful, reckless, or bad faith behavior.  *See Gant v. Advanced Elec., Inc.*, No. 16-1954, 2017 WL 3638762, at *4 (D.N.J. Aug. 23, 2017) (rejecting the plaintiff's argument that the defendant exhibited culpable conduct by failing to timely answer the

pleadings and respond to its request for default and motion for default judgment because "[t]hese omissions" did not amount to "willful, intentional, reckless, or bad faith behavior.").

Moreover, Plaintiff's contentions ignore Defendants' explanation for the delay. Defendants maintain that any delay can be attributed to the fact that Defendants did not learn of the case until April 7, 2023, and Defendants moved to vacate less than one week later. Defs. Br. at 7. Plaintiff does not challenge Defendants' assertion that Defendants never received copies of the Summons and Complaint. *See* Plf. Opp. at 6-7 (arguing only that service was proper because after attempting personal service, the summons and complaint were mailed to Defendants). Plaintiff does, however, point to its January 12, 2022 and February 15, 2022 letters as proof that Defendants knew of, and ignored, Plaintiff's request for entry of default and motion for final judgment. *Id.* at 11-12. But Plaintiff does not attach any return receipt slips for the February 15, 2022 letter, and Plaintiff admits that the January 12, 2022 letter was returned from 7601 Black Lake as "vacant unable to forward." Plf. Opp. at 11. Likewise, the return receipt provided for proof of delivery to Jarvis is dated January 18, 2022, with the text "C-19" in the "Received by" section. This text reflects USPS's modified mail procedures to reduce health risks during the pandemic, which permitted USPS delivery persons to sign on behalf of recipients, thus "the mail carrier is the only person we can say with certainty knew the certified mail even existed." *CUC Props. VI v. Smartlink Ventures*, 178 N.E. 3d 556, 558 (Ohio Ct. App. 2021).[7] Accordingly, the Court finds no basis to find that Defendants' delay was due to their own culpable conduct.

---

[7] Furthermore, Defendants maintain that they reasonably assumed that any notices regarding this matter would be sent to Defendants' attorney, who had been in communication with Plaintiff to terminate the franchise agreement one year before the lawsuit was filed. Defs. Br. at 21; *see also* D.E. 9-4 at 64-81 (correspondence between Defendants' counsel and Plaintiff regarding termination of the agreement dated September 2020). The Court is troubled by Plaintiff's failure to serve, or even contact, Defendants' counsel. And while the Court is vacating the judgment under Rule 60(b)(1), as Defendants did not challenge Plaintiff's compliance with N.J. Ct. R. 4:4-

9

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to vacate default judgment is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: May 16, 2023

_____
John Michael Vazquez, U.S.D.J.

---

4(b), the Court notes that R. 4:4-4(b) requires Plaintiff to satisfy the requirements of R. 4:4-5(b), which mandates that inquiry "be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of." Here, given the prior contact between Defendants' counsel and Plaintiff regarding termination of the agreement, Defendants' counsel falls within this definition.